**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| Henry Edmonds,<br>    Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **1:08cv30 (CMH/TRJ)** |
| | ) | |
| John Bendrick, et al., | ) | |
|    Defendants. | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

Henry Edmonds, a Virginia inmate proceeding <u>pro se</u>, has filed a civil rights action, pursuant

to 42 U.S.C. § 1983, against John Bendrick, an investigator at Powhatan Correctional Center

("Powhatan"), and Powhatan Assistant Warden Barksdale.  After reviewing plaintiff's complaint,

the claims against defendants will be dismissed pursuant to 28 U.S.C. § 1915A.[1]

**I. Background**

Plaintiff claims that he has "been denied [his] right to be free from cruel and unusual

punishment by Investigator Bendrick" and that "he has been placed in danger due to [Bendrick's]

negligence." Compl. 4.  The events about which plaintiff complains stem from a fight that occurred

between an inmate, J. Townes, and another inmate in housing unit C-1 on August 25, 2007.  Plaintiff

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event,
> as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.

> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims
> or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief
>> can be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such
>> relief.

alleges that he notified a sergeant about the fight, and as a result, the two inmates involved were placed in segregation.  On August 30, 2007, plaintiff alleges that a gang member and friend of Townes, accused plaintiff of being a "snitch" and told plaintiff to "watch his back."  After notifying an officer of this alleged threat, plaintiff was placed in segregation and "was put in for transfer from Powhatan."

On October 21, 2007, Townes was placed in a cell next to plaintiff in segregation and told plaintiff that defendant Bendrick notified him that plaintiff was the one who accused Townes of fighting on August 25, 2007 and, therefore, was "on [his] enemy list."  As a result of this brief conversation between plaintiff and Townes, plaintiff sent a request to defendant Barksdale on October 22, 2007 asking that he be moved.  On December 8, 2007, plaintiff alleges that his cell was "shaken down by staff," at which time one of plaintiff's requests to be moved away from Townes "somehow got into the hands of [another inmate], who passed the request receipt around to other inmates."  Plaintiff states that a number of inmates began to threaten him and call him a "snitch" because of this request.  Because of the alleged threats, plaintiff wrote an emergency grievance, which resulted in plaintiff being "move[d] to the other side."

Plaintiff claims that "[a]s a retaliation [sic] move on the part of the administration[,] I have been keep [sic] in segregation ... and they refuse to transfer me.[2]  My life is being threaten [sic] by the inmates who gets [sic] locked up back here who have heard that I am a snitch."  Additionally, he alleges that defendant Bendrick "is using his powers to punish plaintiff for calling internal affairs."  However, plaintiff does not describe what, if anything, Bendrick is doing to punish him. Plaintiff seeks monetary damages in the amount of $250,000 and an immediate transfer to another

---

[2] At the same time as he alleges that prison officials would not transfer him to another facility, he claims that he was "approved for transfer" on September 20, 2007.

institution.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Frivolous complaints are those composed of claims based upon an "indisputably meritless legal theory" or "claims where [the] 'factual contentions are clearly baseless.'" Clay v. Yates, 809 F.Supp. 417, 427 (E.D.Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Complaints which fail to state a claim for relief are governed by the "familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D.Va. 1998). In considering a motion to dismiss under Rule 12(b)(6), the court must presume that all factual allegations in the complaint are true and accord all reasonable inferences to the non-moving party. 2A Moore's Federal Practice ¶ 12.07[2.5] (2d ed. 1994); see Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face," rather than one that is merely "conceivable." Bell Atlantic Corp. v. Twombly, – US – , 127 S.Ct. 1955, 1965, 1974 (2007). Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Moreover, where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III. Merits

Although district courts have a duty to construe pleadings by pro se litigants liberally, a pro se plaintiff must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D.Va. 1999). To state a cause of action under § 1983, plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Thus, each named defendant must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against them. Liberally construed, it appears that plaintiff is claiming that prison officials violated his Eighth Amendment rights by failing to protect him from other inmates and retaliating against him by keeping him in administrative segregation where he does not enjoy the same privileges as those inmates in the general prison population at Powhatan.

A. Failure to Protect

It is well-settled that the Eighth Amendment obligates prison officials to take reasonable precautions to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotations and citations omitted). Exposing prisoners to harm from other prisoners is not just or legitimate punishment; rather, it is cruel and unusual punishment, for "gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency." Id. (internal quotation marks and citations omitted). In other words, a prisoner has a "constitutional right 'to be reasonably protected from the constant threat of violence and sexual assault from his fellow inmates . . . .'" Withers v. Levine, 615 F.2d 158, 161 (4th Cir. 1980) (quoting Woodhous v. Virginia, 487 F.2d 889 (4th Cir. 1973)). Thus, prison officials must "take reasonable measures to guarantee the

4

safety of other inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); see also Winfield v. Bass, 106 F.3d 525 (4th Cir. 1997). A prisoner alleging that prison officials have failed to protect the prisoner from another inmate must show (i) that the prisoner was incarcerated under conditions posing a substantial risk of serious harm and (ii) that the defendants were deliberately indifferent to those conditions. Farmer, 511 U.S. at 834.

Here, plaintiff is unable to meet either prong of the Farmer test. Plaintiff has not alleged facts sufficient to demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm because he is in segregation. While in segregation, plaintiff is in his own cell and has no physical contact with other inmates. Plaintiff has alleged only verbal threats from other prisoners, and such verbal threats alone do not place plaintiff at risk of serious harm. Under the second prong, plaintiff has not alleged facts sufficient to suggest that either defendant was deliberately indifferent. To the contrary, plaintiff attached to his complaint an informal complaint form that he submitted to prison authorities on October 22, 2007, in which he asked to be moved to a different facility because of the alleged threats from Townes and other inmates. In response to plaintiff's request, he was moved to a different tier so that he was not housed near Townes. Inf. Compl. #65334. Then, plaintiff submitted an emergency grievance form in December 2007, in which he stated that he has "been put in potential harm by the staff" because other prisoners saw his prior request to be moved. EGF #48605. In response to his emergency grievance, a sergeant responded by notifying plaintiff that he "would be move[d] to the other side of the building." Id. Accordingly, plaintiff's own exhibits demonstrate that prison officials were not deliberately indifferent to plaintiff's safety concerns. Instead, prison officials have taken affirmative steps to move plaintiff away from any potential harm or threat from other inmates. Because plaintiff fails to allege facts sufficient to demonstrate that defendants failed to protect him from other inmates, this claim will be dismissed

5

pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

B. Retaliation

Claims of retaliation by inmates are generally treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds to prisoner misconduct." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996); Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) cert. denied, 514 U.S. 1022 (1995). To succeed on his claim, an inmate must allege facts sufficient to demonstrate that the alleged retaliatory act "was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right."Adams, 40 F.3d at 75. Thereafter, plaintiff must demonstrate that he suffered some adverse impact or actual injury. ACLU of Md., Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir. 1993) (citing Huang v. Bd. of Governors of Univ. of N.C., 902 F.2d 1134, 1140 (4th Cir. 1990)). Additionally, an inmate must come forward with specific evidence "establish[ing] that but for the retaliatory motive, the complained of incident ... would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); accord McDonald v. Hall, 610 F.2d 16, 18-19 (1st Cir. 1979); Ponchik v. Bogan, 929 F.2d 419, 420 (8th Cir. 1991) (plaintiff must show that action would not have occurred "but for" the alleged reprisal); accord Collinson v. Gott, 895 F.2d 994, 1002 (4th Cir. 1990) (Phillips, J., concurring).

The instant complaint contains nothing more than a bare allegation of retaliation, which is insufficient to support a § 1983 retaliation claim. Adams, 40 F.3d at 75. Moreover, plaintiff has not demonstrated that he has suffered any adverse impact or actual injury. Plaintiff's only allegations of retaliation are that he has remained in segregation and that he has not been transferred to another facility. To the extent that plaintiff alleges that his placement in administrative segregation and loss of certain privileges constitutes retaliation, he fails to state a claim under § 1983. When solitary

6

confinement is at issue, the Supreme Court has mandated procedural safeguards for prison disciplinary hearings to protect an inmate's liberty interests. See Wolff v. McDonnell, 418 U.S. 539 (1974). However, a prison regulation creates a liberty interest and implicates federal due process protections only where the regulation imposes upon the inmate conditions which dramatically depart from the expected conditions of his indeterminate sentence. See Sandin v. Conner, 515 U.S. 472, 485 (1995). "[C]hanges in a prisoners' location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges - matters which every prisoner can anticipate - are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991); see Beverati, 120 F.3d at 502; Alley v. Angelone, 962 F.Supp. 827, 833 (E.D.Va. 1997) ("[A]n inmate who is incarcerated subject to a lawful conviction has no liberty interest in being free from placement in segregation, because segregation is within the range of confinement an inmate  should expect to result from conviction.") (internal quotations omitted).  Because plaintiff has no liberty interest in avoiding placement in administrative segregation, this claim cannot be the basis for a claim of retaliation. Additionally, it is well-settled that inmates do not have a constitutionally-protected liberty interest in being housed at any particular institution.  Meachum v. Fano, 427 U.S. 215, 224 (1976) (holding that a valid conviction "empower[s] the State to confine [an inmate] in any of its prisons"). Thus, failing to transfer plaintiff cannot constitute a constitutional violation that could form the basis of a retaliation claim. Because none of the alleged retaliatory actions taken violated any of plaintiff's constitutionally protected rights, his claim of retaliation against defendants will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state

7

a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[3] this dismissal may affect his ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

ORDERED that plaintiff's request to proceed in forma pauperis (Docket # 2) be and is DENIED as moot.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send a copy of this Order to plaintiff.

Entered this _1st_ day of _February_ 2008.

_____/s/_____
Claude M. Hilton
United States District Judge

Alexandria, Virginia

---

[3] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

8